## MUTUAL SUPPLY CO. v. UNITED STATES

**No. 5363.**—Invoices dated Osaka, Japan, March 26, 1936, and Kobe, Japan, April 20, 1936.
Entered at San Francisco, Calif., April 17 and May 29, 1936.
Entry Nos. 2486 and 2900.

(Decided July 31, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel · for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That as to the merchandise involved herein, represented on the invoices by the items marked "A" and initialed by examiner *K. M. J.* *K. M. Johnson*, the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

(2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158 was not applicable to said merchandise, based upon the decisions in RD 4444 and 4570.

(3) That the appeals as to all other merchandise not marked with the letter "A" as stated above and contained on the invoices is abandoned, and that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the items of merchandise identified on the invoices with the letter A and checked by examiner K. M. J., K. M. Johnson, such values are the invoiced unit prices, packed.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.